IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LYNNE DONKERBROOK, individually and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL NO. 10-00616 LEK-RLP |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| TITLE GUARANTY ESCROW SERVICES, INC. and TITLE GUARANTY OF HAWAII, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

On March 16, 2011, Plaintiff Lynne Donkerbrook, individually and on behalf of all others similarly situated ("Plaintiff"), filed the instant Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). On April 4, 2011, Defendant Title Guaranty Escrow Services, Inc. ("Defendant"), filed its statement of no opposition to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY GRANTED for the reasons set forth below.

**DISCUSSION**

The proposed class in this case is as follows: All persons who were employed by Defendant as Escrow Officers during the time period from October 21, 2004 to August 29, 2010 ("the Settlement Class"). The Court FINDS, for purposes of the instant Motion, that the Settlement Class meets the requirements of Fed. R. Civ. P. 23(a) and (b). The Court therefore GRANTS provisional certification of the Settlement Class pending final approval of the settlement.

The instant Motion seeks preliminary approval of the settlement in this class action pursuant to Federal Rule of Civil Procedure 23(e). Rule 23(e) states, in pertinent part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> . . . .
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be

withdrawn only with the court's approval. "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).

The Court must examine the settlement as a whole for overall fairness. The Court must approve or reject the settlement in its entirety; it cannot alter certain provisions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court must balance the following factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Id. (citations omitted).

The Court notes that Defendant does not oppose the Motion. Thus, having considered all of the relevant factors, and for the reasons set forth in the Motion, this Court makes a preliminary finding that the proposed settlement is fair, reasonable, and adequate. The Court therefore GRANTS preliminary approval of the settlement.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Unopposed

Motion for Preliminary Approval of Class Action Settlement, filed March 16, 2011, is HEREBY GRANTED.  This Court will conduct a final fairness hearing on **July 25, 2011, at 10:30 a.m.** before the Honorable Leslie E. Kobayashi, United States District Judge.

The Court APPOINTS: Plaintiff Lynne Donkerbrook as the representative of the Settlement Class; Schneider Wallace Cottrell Brayton Konecky LLP, Berger & Montague, P.C., and the Law Offices of Bruce H. Wakuzawa as Class Counsel; and Rust Consulting, Inc. as the Claims Administrator.

The Court APPROVES: the estimate of the costs of claims administration; the Class Notice, in the form attached to the Motion as Exhibit A; the Claim Form in the form attached to the Motion as Exhibit B; and the following schedule and procedures for completing the final approval process.

| | |
|---|---|
| Mailing of Class Notices and Claim Forms | Ten (10) days after the filing of this Order |
| Deadline to postmark objections or requests for exclusion | Sixty (60) days after mailing of the Class Notices and Claim Forms |
| Deadline to postmark Claim Form | Sixty (60) days after mailing of the Class Notices and Claim Forms |
| Claims Administrator to provide a status declaration to the parties and a detailed list of the actual claims administration costs | Five (5) business days before the final fairness hearing |
| Final fairness hearing | **July 25, 2011, 10:30 a.m.** |
| Effective date | To be determined |

| Defendant to send $1,100,000.00 to the Claims Administrator for immediate deposit into the Qualified Settlement Fund | Within twenty-five (25) days after the filing of this Order |
|---|---|
| Enhancement payment for Plaintiff Donkerbrook | Within five (5) business days after the effective date |
| Payment of Class Counsel's attorneys' fees and costs | Within one (1) business day after the effective date |
| Payment of Settlement Awards | Within fifteen (15) days after the effective date |

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 25, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**LYNNE DONKERBROOK, ETC. VS. TITLE GUARANTY ESCROW SERVICES, INC., ET AL; CIVIL NO. 10-00616 LEK-RLP; ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**